UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62582-BLOOM/Valle

OREN PINHASOV,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
*and* BANK OF AMERICA, N.A.,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Bank of America, N.A.'s ("Defendant" or "BANA") Motion to Dismiss, ECF No. [8] ("Motion"). Plaintiff Oren Pinhasov ("Plaintiff") filed a Response in Opposition, ECF No. [15] ("Response"), to which Defendant filed a Reply, ECF No. [16] ("Reply"). Plaintiff also filed a Sur-Reply, ECF No. [22] ("Sur-Reply"), and BANA's Report, ECF No. [22-1] ("BANA's Report"), and Defendant filed Equifax Information Services, LLC's ("Equifax") Credit Report, ECF No. [21-1] ("Equifax's Credit Report"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

On December 28, 2021, Plaintiff filed his Complaint, asserting two counts against BANA: willful violation of the Fair Credit and Reporting Act ("FCRA") and negligent violation of the FCRA. *See* ECF No. [1] ¶¶ 43-63. Plaintiff alleges that he paid and closed his account with BANA, but the payment status in BANA's Report to Equifax indicates that the account is "120 days past due." *Id.* ¶ 14. Plaintiff submits that Equifax subsequently published the inaccurate information to

third-party creditors based on BANA's Report. *See id.* ¶ 12. Plaintiff claims that BANA's failure to correct the inaccurate information is a willful or negligent violation of the FCRA. *See id.* ¶¶ 43-63.

On January 21, 2022, Defendant filed the instant Motion to Dismiss, arguing that the Court should dismiss Plaintiff's claims against Defendant with prejudice. *See* ECF No. [8]. Defendant claims that Plaintiff failed to identify any inaccurate information, and that Plaintiff has not alleged a concrete and particularized injury to establish standing. *See generally id.* On February 3, 2022, Plaintiff filed his Response, arguing that reporting a delinquency of 120 days is inaccurate and misleading and that Plaintiff has established an injury-in-fact sufficient to confer standing. *See generally* ECF No. [15]. On February 9, 2022, Defendant's Reply followed, arguing that the account in question was reported as closed, with a $0.00 balance, no monthly payment, and a notation that the account was paid and closed. *See* ECF No. [16].

On March 10, 2022, the Court directed Plaintiff to file a Sur-Reply, addressing Defendant's specific argument that the account was reported as closed. *See* ECF No. [20]. The Court also directed Defendant to file, under seal, Equifax's Credit Report showing that the account was reported in a manner consistent with Defendant's representations. *See id.* The Parties complied with the Court's Order on March 16, 2022. *See* ECF Nos. [21], [22].

**II. LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim for which relief can be granted.

When reviewing a motion under Rule 12(b)(6), the court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

Defendant argues that Plaintiff's claims against Defendant should be dismissed with prejudice. *See* ECF No. [8]. According to Defendant, Plaintiff's claims are premised on the allegation that Defendant continued to report Plaintiff's closed account as "120 days past due" after being notified that Plaintiff paid the amount due and closed the account. *See id.* at 8. Defendant argues that this general allegation about a closed account is insufficient, and that Plaintiff fails to include sufficient facts in his Complaint as to why this reporting is inaccurate. *See id.* Defendant also argues that reporting accurate historical information about a closed account is not misleading as long as the credit report makes clear that there is no ongoing obligation. *See id.* at 9, n.1.

Plaintiff responds that reporting the previously delinquent status of an account as "120 days past due" is inaccurate and misleading. *See* ECF No. [15] at 3-10. According to Plaintiff, algorithms that generate credit scores interpret an account status showing that an account is "120 days past due" to mean that the loan is currently overdue, instead of interpreting the phrase to mean that the account was previously overdue. *See id.* at 11-12. The algorithms then formulate a lower credit score based on the inaccurate baseline assumption that the account is overdue. As such, Plaintiff argues that Defendant's report on his account's historical information is inaccurate and misleading. *See id.*

The Court agrees with Defendant. With regard to FCRA claims, the Eleventh Circuit has instructed courts to look to "objectively reasonable interpretations of the report." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020).

> [W]hen evaluating whether a report is accurate under the [FCRA], we look to the objectively reasonable interpretations of the report. If a report is so misleading that it is objectively likely to cause the intended user to take adverse action against its subject, it is not maximally accurate. On the other hand, *the fact that some user*

4

> *somewhere could possibly squint at a report and imagine a reason to think twice about its subject would not render the report objectively misleading*.

*Id*. The court in *O'Neal v. Equifax Information Services, LLC, Transunion, LLC, & Acceptance Now* addressed a similar claim and determined that:

> there is no way to objectively interpret a balance that is *120 days past due in June and July 2018* as tantamount to a balance that is *currently past due*—especially when the Account is clearly marked as *closed*. In other words, reading the Account as 'open and past due' would impermissibly require squinting at select portions of the credit report in isolation and focusing only on certain data points in a contrived effort to make the Account misleading.

No. 21-CV-80968-RAR, 2021 WL 4989943, at *3 (S.D. Fla. Oct. 27, 2021) (emphasis in original). In this case, a review of Equifax's Credit Report plainly shows that the balance is "$0," there is no scheduled payment, and the account clearly reflects that it was "Paid and Closed." ECF No. [21-1]. An account that has been marked paid and closed cannot be reasonably interpreted as an account that is currently past due, irrespective of the account's historical information indicating that the account was 120 days past due at some point.[1,2]

In the Sur-Reply, Plaintiff cites for support the recent decision in *Sokol v. TransUnion, LLC et al.*, No. 21-23535-Civ-Scola (S.D. Fla. March 16, 2022). *See* ECF No. [22] at 4-6. In *Sokol*,

---

[1] To the extent that Plaintiff argues that Defendant's argument is unavailing because Defendant has not attached Equifax's Credit Report to its Motion, the Court is not persuaded. *See* ECF No. [15] at 8-9. Defendant has since filed Equifax's Credit Report. *See* ECF No. [21-1]. Further, the Eleventh Circuit has held that courts can consider a document outside the four corners of the complaint in addressing a motion to dismiss "if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). Equifax's Credit Report is central to Plaintiff's claims and undisputed in terms of authenticity.

[2] Furthermore, any argument that BANA's Report does not include an indication that the account has been paid and closed is unavailing. The pertinent inquiry is whether Equifax's Credit Report, which is based on BANA's Report, indicates that the account has been paid and closed. Plaintiff's cause of action is based on injuries he allegedly suffered as a result of "the publication of his *Equifax credit report* to third-party creditors." ECF No. [22] at 8 (emphasis added). As noted above, Equifax's Credit Report cannot be reasonably interpreted to show that the account is currently past due. In addition, the fact that Equifax correctly interpreted BANA's Report and indicated the account was "Paid and Closed" refutes the argument that BANA's Report is inaccurate.

the plaintiff paid off the account but the pay status field in his credit report indicated that the account was 60 days past due. *See* ECF No. [22-2] at 4. The court in *Sokol* determined that it was reasonable for a reviewer to infer that the delinquency noted in the pay status field indicated something independent from and in some way supplementary to the plaintiff's historical delinquency. *See id.* at 7-8. However, *Sokol* is distinguishable because, unlike Equifax's Credit Report, the report in *Sokol* stated that the account was "CLOSED[,]" rather than stating that the account was "Paid and Closed[.]" *Compare* ECF No. [22-2] at 4, *with* ECF No. [21-1]. In this case, given the specific notation in Equifax's Credit Report that the account was marked *paid and* closed, Equifax's Credit Report cannot be reasonably interpreted as providing inaccurate information that the account is currently past due.

Further, to the extent that Plaintiff invites the Court to deviate from Eleventh Circuit precedent because of the manner in which modern credit reporting algorithms operate, the Court is not persuaded. As noted in *O'Neal*, how credit reporting agencies choose to utilize algorithms to decipher historical information has no bearing on Plaintiffs' claims against BANA. *See* 2021 WL 4989943, at *3. In sum, Plaintiff has failed to allege sufficient facts to state a claim of inaccuracy, and dismissal of Plaintiff's claims against Defendant is appropriate.[3]

As a final note, the Court dismisses Plaintiff's claims against BANA with prejudice and without leave to amend. A court may dismiss claims with prejudice when further attempts to amend the complaint would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). In this case, the Court finds no possible way to reasonably interpret Equifax's Credit Report to conclude that the account is question is *currently* 120 days past due. Also, as noted above,

---

[3] In light of the Court's ruling, the Court need not address Defendant's argument regarding Plaintiff's failure to adequately allege a particularized and concrete injury to establish standing.

Case No. 21-cv-62582-BLOOM/Valle

Plaintiff's arguments regarding the way in which modern algorithms operate are unpersuasive considering standing precedent in the Eleventh Circuit.[4]

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [8]**, is **GRANTED**.

2. All claims against Defendant Bank of America, N.A., are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's claims shall proceed against Defendant Equifax.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 17, 2022.

*[signature]*

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[4] Further, Plaintiff does not seek leave to amend. *See generally* ECF No. [15].